## WILL OF POWELL.

*October 7—October 28, 1913.*

*Wills: Execution: Mental capacity: Undue influence.*

Findings of the circuit court to the effect that a will was legally executed and properly witnessed, that the testator had sufficient mental capacity to make a will, and that the making thereof was not procured by undue influence, are *held* to be supported by the evidence.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

This is a contest over the probate of the will of Thomas Powell, deceased. The will was attacked on the following grounds: First, illegal execution; second, mental incapacity; third, undue influence exercised over the testator by legatees and devisees.

The county court admitted the will to probate, and upon

appeal the circuit court affirmed the judgment of the county court. The court below made the following findings:

"That on the 3d day of May, A. D. 1912, Thomas Powell died at the city of Eau Claire, county of Eau Claire, state of Wisconsin, and that at the time of his death he was, and for many years prior thereto had been, a resident and inhabitant of said city of Eau Claire.

"That the written instrument dated March 26, A. D. 1912, introduced in evidence herein and purporting to be the last will and testament of said Thomas Powell, deceased, was on the 26th day of March, A. D. 1912, at the city of Eau Claire, county of Eau Claire, state of Wisconsin, duly signed, sealed, published, and declared by said Thomas Powell, deceased, as and for his last will and testament in the presence of W. P. Bartlett and Edwin C. Potter; that at said time and place the said Thomas Powell, deceased, requested said W. P. Bartlett and Edwin C. Potter to subscribe their respective names to said instrument as attesting witnesses thereto, and that they, the said W. P. Bartlett and Edwin C. Potter, did then and there, in the presence of said Thomas Powell, deceased, and in the presence of each other, subscribe their respective names to said instrument as attesting witnesses thereto, after the signing of said instrument by said Thomas Powell.

"That at the time said Thomas Powell made and executed said instrument he was of sound mind, memory, and understanding, and possessed of sufficient mental capacity to enable him to clearly and fully understand and comprehend the nature and effect thereof.

"That the making and execution of said written instrument by said Thomas Powell, deceased, was not procured by the exercise of any undue influence by the proponents, *Clinton Moses* and *John P. Norrish,* or by either of them, or by any other person or persons."

The court concluded:

"That the written instrument dated March 26, A. D. 1912, and introduced in evidence herein as and for the last will and testament of Thomas Powell, deceased, is in all respects executed and witnessed as by law required, and that such instrument is the legal last will and testament of said Thomas

Powell, deceased, and that as such the same is entitled to probate.

"That the proponents and respondents, *Clinton Moses* and *John P. Norrish,* are entitled to judgment against the contestant and appellant, *Mary Hill;* that the order and judgment of the county court of Eau Claire county, Wisconsin, dated and entered on the 16th day of July, A. D. 1912, admitting to probate that certain instrument in writing dated March 26, A. D. 1912, as the last will and testament of Thomas Powell, deceased, be and the same is in all respects affirmed, and that this matter and all records therein be transmitted to said county court with directions to said court to proceed therein as required by law; and that proponents and respondents, *Clinton Moses* and *John P. Norrish,* have and recover of the contestant and appellant, *Mary Hill,* the costs and disbursements of this appeal."

Judgment was entered accordingly. The appellant excepted to the findings and appealed to this court.

For the appellant there was a brief by *Larson & Gilbertson,* and oral argument by *A. C. Larson.*

*W. P. Bartlett,* attorney, and *D. Buchanan, Jr.,* of counsel, for the respondents.

Kerwin, J. This is a contest over the will of Thomas Powell, deceased. The county court sustained the will, and on appeal the circuit court affirmed the judgment of the county court. The appeal here is from the judgment of the circuit court.

The specifications of error are: (a) that the court erred in finding that the will was legally executed and properly attested by subscribing witnesses; (b) that the court erred in finding that the testator had sufficient mental capacity to execute a will; and (c) that the court erred in finding that the execution of the will was not procured by undue influence. These errors involve the proposition whether the findings set out in the statement of facts are supported by the evidence.

Counsel for áppellant favors us with a very able and ingenious brief, but the findings are so well supported that it would serve no useful purpose to discuss the evidence here. It is clear that the judgment below cannot be disturbed.

*By the Court.*—The judgment of the court below is affirmed. No costs in this court shall be paid out of the estate.